## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEPHEN JIGGETTS** | : | |
| **4702 MEGAN DRIVE** | : | |
| **CLINTON, MARYLAND 20735** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action Number:**_____ |
| **v.** | : | |
| | : | |
| **DANIEL CIPULLO** | : | |
| **232 TENNESSEE AVENUE, NE** | : | |
| **WASHINGTON, DC 20002** | : | |
| | : | |
| **Defendant.** | : | |

===============================

## COMPLAINT

Plaintiff, STEPHEN JIGGETTS, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Complaint against Daniel Cipullo. The plaintiff alleges the following claims against defendant Daniel W. Cipullo, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and slander.

## JURISDICTION

1.      Jurisdiction before this Honorable Court is invoked pursuant to 28 U.S.C. §1332.

Plaintiff Jiggetts and defendant Cipullo are citizens of different states and the amount in controversy exceeds $75,000.

2.      This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

1

3.      All of the acts complained of herein occurred in the District of Columbia.

## PARTIES

4.      Stephen Jiggetts is a natural person, a citizen of the United States of America, and a resident of the State of Maryland.

5.      Defendant Daniel Cipullo is a natural person, a citizen of the United States of America, and a resident of the District of Columbia.

6.      Defendant Daniel Cipullo is being sued in his individual capacity.

## FACTS

7.      Daniel W. Cipullo ("Defendant Cipullo") is the Director of the Superior Court of the District of Columbia Criminal Division.

8.      Stephen Jiggetts' wife ("Plaintiff Jiggetts"), Tenisha Jiggetts, at all relevant times herein was an Attorney-Advisor for the Superior Court of the District of Columbia Criminal Division.

9.      At all relevant times herein, defendant Cipullo was Tenisha Jiggetts' supervisor.

10.     On November 6, 2014, defendant Cipullo falsely imprisoned Tenisha Jiggetts in her assigned office at the Superior Court of the District of Columbia ("DC Superior Court").

11.     After defendant Cipullo falsely imprisoned Tenisha Jiggetts in her office as noted above, she was distraught, she contacted her husband and informed him that defendant Cipullo obstructed her ability to leave her office.

12.     On November 6, 2014, Plaintiff Jiggetts and defendant Cipullo encountered one another outside on the sidewalk between DC Superior Court and District of Columbia Metropolitan Police Department headquarters.

13.     Defendant Cipullo subsequently made false statements to a District of Columbia Metropolitan Police Department ("MPD") official that plaintiff Jiggetts acted in a menacing manner towards him and threatened him.

14.     During the encounter with defendant Cipullo, plaintiff Jiggetts neither acted in a menacing manner towards defendant Cipullo nor threatened him.

15.     Defendant Cipullo made these false statements about plaintiff Jiggetts to retaliate against his wife, Tenisha Jiggetts.

16.     An eyewitness observed the encounter and overheard the conversation between defendant Cipullo and plaintiff Jiggetts.

17.     The eyewitness who overheard the conversation never heard plaintiff Jiggetts make any threatening statements to defendant Cipullo.

18.     As a result of the false statements defendant Cipullo made to the MPD official, a

report was generated which indicated that plaintiff Jiggetts threatened to commit bodily harm

against defendant Cipullo.

19.     As a result of the false statements defendant Cipullo made to the MPD official, on

or about November 20, 2014, a warrant was issued for plaintiff Jiggetts' arrest for the offense of

felony threats.

20.     As a result of the warrant that was issued for plaintiff Jiggetts' arrest, on November

21, 2014, he surrendered to the Metropolitan Police Department First District and was arrested,

processed and detained.

21.     On November 21, 2014, after being detained for ten hours and forty five minutes,

plaintiff Jiggetts was presented before the DC Superior Court and formally charged with felony

threatening to kidnap or injure a person in violation of D.C. Code §22-1810.

22.     Approximately two and a half months prior to the charges that were filed against

plaintiff Jiggetts, he underwent a surgical procedure, specifically a total knee replacement.

23.     During the ten hour and forty five period of time plaintiff Jiggetts was detained, he

was not able to take the pain medication that his doctor prescribed after the total knee replacement

surgery.

24.     Plaintiff Jiggetts suffered from excruciating pain during the entire time he was detained because he could not take his pain medication.

25.     As a result of being charged with felony threatening to kidnap or injure a person at his presentment, plaintiff Jiggetts faced a potential sentence of not more than twenty years and a fine of not more than the amount set forth in D.C. Code §22-3571.01, fifty thousand dollars, or both.

26.     On November 21, 2014, plaintiff Jiggetts was granted pretrial release with the following conditions imposed by the court; (1) no assaultive, threatening, abusive, harassing, or stalking behavior toward Daniel Cipullo and (2) stay away from 500 Indiana Avenue, N.W., Washington, D.C. (except for official court business).

27.     As a result of his arrest, plaintiff Jiggetts, a retired MPD police officer, was emotionally distraught as to how his arrest would affect his reputation among his former colleagues.

28.     As a result of his arrest, plaintiff Jiggetts, a retired MPD police officer, was emotionally distraught as to how his arrest would affect his reputation among those individuals involved in his post-retirement life.

29.     As a result of his arrest, plaintiff Jiggetts was emotionally distraught as to how his arrest would affect his wife since he was accused of committing a crime against her supervisor and her reputation as a DC Superior Court Attorney Advisor.

30.     As a result of plaintiffs' Jiggetts arrest and being charged with threats to kidnap or injure a person he had to expend significant financial resources to defend the false charges.

31.     Defendant Cipullo falsely accused plaintiff Jiggetts of a crime he did not commit.

32.     On September 18, 2015, the charges against plaintiff Jiggetts were dismissed.

33.     On October 30, 2015, the Honorable Neil A. Kravitz signed an order sealing plaintiff Jiggetts' public criminal records.

34.     In the Order, Judge Kravitz credited the "defendant's version of the events that led up to his arrest, and finds by a preponderance of the evidence that the defendant did not commit the offense for which he was arrested."

35.     Defendant Cipullo made false statements regarding his encounter with plaintiff Jiggetts to justify a false prosecution of plaintiff Jiggetts.

36.     While plaintiff Jiggetts' case was pending, he suffered psychological trauma and distress as a result of being prosecuted for a crime he did not commit.

## COUNT I
### FALSE ARREST

37.     Plaintiff Jiggetts incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.     Plaintiff Jiggetts did not engage in any unlawful, illegal or criminal conduct as alleged by defendant Cipullo.

39.     The false statements defendant Cipullo made to the MPD official was the proximate cause for the warrant being issued for plaintiff Jiggetts' arrest.

40.     Plaintiff Jiggetts did not engage in any conduct to warrant defendant Cipullo providing false statements to the MPD official.

41.     Defendant Cipullo precipitated the events that led to plaintiff Jiggetts arrest and detention.

42.     Plaintiff Jiggetts was arrested and detained based on the false statements by defendant Cipullo.

43.     Plaintiff Jiggetts was deprived of his personal liberty as a result of the false statements made by defendant Cipullo.

44.     Plaintiff Jiggetts was injured and suffered damages as a result of the false statements by defendant Cipullo which led to plaintiff Jiggetts' arrest.

45.     Defendant Cipullo is liable for plaintiff Jiggetts' false arrest.

## COUNT II
### FALSE IMPRISONMENT

46.     Plaintiff Jiggetts incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.     Plaintiff Jiggetts was subjected to an unlawful detention based on the false statements that defendant Cipullo made to the MPD official.

48.     Plaintiff Jiggetts was deprived of his personal liberty based on the false statements that defendant Cipullo made to the MPD official.

49.     Plaintiff Jiggetts was subjected to an unlawful restraint and detention solely as a result of the false statements by defendant Cipullo.

50.     Plaintiff Jiggetts was injured and suffered damages as a result of the false statements by defendant Cipullo which led to plaintiff Jiggetts' false imprisonment.

51.     Defendant Cipullo is liable for plaintiff Jiggetts' false imprisonment.

## COUNT III

## MALICIOUS PROSECUTION

52.     Plaintiff Jiggetts incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53.     Defendant Cipullo's false statements to the MPD official initiated a criminal proceeding against Plaintiff Jiggetts.

54.     A criminal proceeding, case number 2014 CF2 020379, was instituted and continued against plaintiff Jiggetts.

55.     The charge filed against plaintiff Jiggetts in case number 2014 CF2 020379 was terminated in his favor.

56.     Defendant Cipullo acted with malice against plaintiff Jiggetts when he precipitated the institution of a proceeding against plaintiff Jiggetts.

57.     Plaintiff Jiggetts was arrested and detained absent a valid, truthful or lawful basis for that arrest and detention.

58.     Defendant Cipullo's primary purpose in providing false statements to the MPD official, which precipitated the events that led to institution and continuation of proceeding against plaintiff Jiggetts, was for a purpose other than that of bringing an offender to justice.

59.     As a result of defendant Cipullo's conduct as described herein, plaintiff Jiggetts was subjected to special injury due to his false arrest, false imprisonment and malicious prosecution as a result of the false statements made by defendant Cipullo.

60.     Plaintiff Jiggetts was injured and suffered damages as a result of the false statements by defendant Cipullo which led to plaintiff Jiggetts' malicious prosecution.

61.     Defendant Cipullo is liable for the malicious prosecution of plaintiff Jiggetts.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.     Plaintiff Jiggetts incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

63.     Defendant Cipullo as described herein engaged in extreme and outrageous conduct against plaintiff Jiggetts.

64.     Defendant Cipullo's conduct as described herein exceeded all bounds of decency.

65.     Defendant Cipullo intentionally acted in a reckless manner towards plaintiff Jiggetts.

66.     Defendant Cipullo's conduct as described herein and his false statements caused plaintiff Jiggetts to suffer from psychological trauma and emotional distress.

67.     Plaintiff Jiggetts was injured and suffered damages as a result of the false statements by defendant Cipullo which led to plaintiff Jiggetts' emotional distress.

68.     Defendant Cipullo is liable for plaintiff Jiggetts' emotional distress.

## COUNT V
## SLANDER

69.     Plaintiff Jiggetts incorporates by reference paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant Cipullo made false and defamatory statements concerning plaintiff Jiggetts.

71.     Defendant Cipullo published his false statements without privilege to a third party.

72.     Defendant Cipullo's fault in publishing the false statements amounts to at least negligence.

73.     Defendant Cipullo's false statements were actionable as a matter of law irrespective of special harm or its publication caused plaintiff Jiggetts special harm.

74.     Defendant Cipullo is liable for the false and slanderous comments he made against plaintiff Jiggetts.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff:

I.      Re-pleads and re-alleges Counts I through V, paragraphs 1 through 74 with the same force and effect as if fully set forth herein;

II.     Requests, subject to further discovery, the right to amend the complaint, and that the Court:

III.    Enter a finding and judgment on Count I, False Arrest, of the Complaint, against defendant Cipullo in favor of plaintiff Jiggetts in the amount of $5,000,000.00 plus punitive damages to the extent allowed by law and interest.

IV.     Enter a finding and judgment on Count II, False Imprisonment, of the Complaint, against defendant Cipullo in favor of plaintiff Jiggetts in the amount of $5,000,000.00 plus punitive damages to the extent allowed by law and interest.

V.      Enter a finding and judgment on Count III, Malicious Prosecution, of the Complaint, against defendant Cipullo in favor of plaintiff Jiggetts in the amount of $5,000,000.00 plus punitive damages to the extent allowed by law and interest.

VI.     Enter a finding and judgment on Count IV, Intentional Infliction of Emotional Distress, of the Complaint, against defendant Cipullo in favor of plaintiff Jiggetts in the amount of $5,000,000.00 plus punitive damages to the extent allowed by law and interest.

VII.     Enter a finding and judgment on Count V, Slander, of the Complaint, against defendant Cipullo in favor of plaintiff Jiggetts in the amount of $5,000,000.00 plus punitive damages to the extent allowed by law and interest.

VIII.    Award attorney's fees, fees and court costs to plaintiff Jiggetts;

IX.     Award such other relief as this Honorable Court deems just and fair.

Stephen Jiggetts
By Counsel

Respectfully submitted,
*/s/Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
1250 24th Street, N.W.
Suite 300
Washington, D.C. 20007
Telephone Number: (202) 333-2922
E-Mail: plfpc@aol.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STEPHEN JIGGETTS** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.:_____** |
| **v.** | : | |
| | : | |
| **DANIEL CIPULLO,** | : | |
| | : | |
| **Defendant.** | : | |

==============================

## JURY DEMAND

The plaintiff hereby requests a trial by jury of six (6) on all triable issues, including the

amount of damages to be awarded.

> Stephen Jiggetts
> By Counsel
>
> Respectfully submitted,
> */s/Billy L. Ponds*
> Billy L. Ponds
> Counsel for the Plaintiff
> The Ponds Law Firm
> Bar Number 379883
> 1250 24th Street, N.W.
> Suite 300
> Washington, D.C. 20007
> Telephone Number: (202) 333-2922
> E-Mail: plfpc@aol.com